1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  VERYL E. KNOWLES,                    )          1:07-cv-01107-LJO-SMS-PC
                                         )
12          Plaintiff,                   )
                                         )          FINDINGS AND RECOMMENDATION
13          vs.                          )          TO DISMISS CASE FOR FAILURE TO
                                         )          OBEY A COURT ORDER
14  UNITED STATES OF AMERICA, et al.,    )
                                         )          OBJECTIONS, IF ANY, DUE IN THIRTY
15          Defendants.                  )          DAYS
                                         )
16                                       )
                                         )
17  _____)

18          Veryl E. Knowles ("plaintiff") is a federal prisoner proceeding pro se in this civil

19  rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

20  403 U.S. 388 (1971).  On July 31, 2007, the court issued an order requiring plaintiff to file an

21  application to proceed in forma pauperis, or pay the $350.00 filing fee for this action, within

22  thirty days.  The thirty day period has now expired, and plaintiff has not filed an application, paid

23  the filing fee, or otherwise responded to the court's order.

24          Local Rule 11-110 provides that "failure of counsel or of a party to comply with

25  these Local Rules or with any order of the Court may be grounds for the imposition by the Court

26

                                              1

1  of any and all sanctions . . . within the inherent power of the Court."  District courts have the

2  inherent power to control their dockets and "in the exercise of that power, they may impose

3  sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

4  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a

5  party's failure to prosecute an action, failure to obey a court order, or failure to comply with local

6  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance

7  with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

8  to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,

9  1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs

10  to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

11  1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

12  1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

13  rules).

14           In determining whether to dismiss an action for lack of prosecution, failure to

15  obey a court order, or failure to comply with local rules, the court must consider several factors:

16  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

17  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

18  cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at

19  831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

20  Ghazali, 46 F.3d at 53.

21           In the instant case, the court finds that the public's interest in expeditiously

22  resolving this litigation and the court's interest in managing the docket weigh in favor of

23  dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

24  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

25  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

26

1 policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

2 of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

3 court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

4 Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

5 court's order expressly stated:   "The failure to comply with this order will result in a

6 recommendation that this action be dismissed."  Thus, plaintiff had adequate warning that

7 dismissal would result from his noncompliance with the court's order.

8              Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

9 based on plaintiff's failure to obey the court's order of July 31, 2007.

10              These findings and recommendations are submitted to the United States District

11 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

12 thirty days after being served with these findings and recommendations, plaintiff may file written

13 objections with the court.  Such a document should be captioned "Objections to Magistrate

14 Judge's Findings and Recommendations."  The parties are advised that failure to file objections

15 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

16 Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 IT IS SO ORDERED.

18 **Dated:    October 1, 2007**                    **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

3